Application of JASPER.
Patent Appeal No. 5509.

United States Court of Customs and
Patent Appeals.
Dec. 7, 1948.

Elwin A. Andrus, of Milwaukee, Wis. (Lee B. Kemon, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting claims 1 and 2 in appellant's application for a patent for improvement in "Manufacture of Mutli-Layer Cylinders for High Pressure Vessels." Claims 3, 4, 6, 7, and 8 were allowed.

Claim 1 is representative:

"1. In the manufacture of multi-layer high pressure cylinders, the applying of a layer of sheet metal to the partially fabricated wall structure of the cylinder by tightly wrapping the layer upon said struc-ture with the adjacent side edges of the layer constituting a longitudinal seam to be welded, pressing the layer tightly against the inner supporting structure by applying circumferential forces elastically squeezing the structure uniformly to a substantially smaller diameter, then welding the longitudinal seam in said layer, and thereafter releasing the squeezing pressure to effect an elastic return of the inner structure into said layer to thereby provide initial tensile stress in said layer and initial compressive stress in said structure."

The references relied upon are:

Donnet (British), 342,945, Feb. 12, 1931.
Watson, 2,219,085, Oct. 22, 1940.

The alleged invention provides a method of manufacture of multi-layer vessels whereby each layer, as it is applied from the inner layer to the outer layer, is stress-ed in a manner improving the stress distri-bution of the working load in service.

Claim 1 sets out the method of the alleged invention as applying a layer of sheet metal to the partially fabricated wall structure of the cylinder by tightly wrapping the layer upon said structure with the adjacent side edges of the layer constituting a longitudinal seam to be welded, then pressing the layer tightly against the inner supporting structure by applying circum-ferential forces elastically squeezing the structure uniformly to a substantially smaller diameter, then welding the longi-tudinal seam in said layer, and then re-leasing the squeezing pressure to effect an elastic return of the inner structure into said layer to provide thereby initial tensile stress in said layer and initial com-pressive stress in said structure.

In the Watson patent, supra, a covering is applied to a hollow shaft by applying heavy pressure by jaws of a press to the covering and then welding the edges. The jaws are formed to the dimensions desired in the finished article. After the welding, the pressure is removed. The Watson patent also describes in the specification the successive advancing of the article across the jaws of the press and the succes-sive welding of the seam.

In the Donnet patent a layer of sheet metal is applied to a partially fabricated

wall structure by two different methods. In one method he places the layer on the wall structure and applies hot hoops around the layer. When the hoops cool they ensure powerful and close application of the outer sheet metal envelope against the inner wall. The ends of the outer envelope are then welded together. In the other method the grip of the external envelope is produced by the pressure of collars by means of bolts and nuts bearing against suitable lugs.

The examiner rejected claim 1 on Donnet, on Watson, or on Watson in view of Donnet. The board sustained the examiner's rejection of claim 1 on Watson or on Watson in view of Donnet.

Appellant contends that the Watson patent entirely lacks appellant's second step in claim 1 of "pressing the layer tightly against the inner supporting structure by applying circumferential forces elastically squeezing the structure uniformly to a substantially smaller diameter," and in claim 2 of "pressing the layer tightly against the inner supporting structure by applying circumferential contracting forces in successive longitudinal areas elastically squeezing the structure uniformly to a substantially smaller circumference." We do not agree with these contentions. The shaping of the jaws, as provided in the Watson patent, to the dimensions of the article will necessarily apply circumferential forces elastically squeezing the structure uniformly to a smaller dimension.

Claim 2 simply adds to the steps of claim 1 the successive squeezing and welding in successive longitudinal areas. This is old in the Watson patent and adds no patentability to claim 2.

The decision of the board is affirmed.

Affirmed.